[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 45, whose birth name is Reiss, and the defendant husband, 52, married on June 28, 1992 in Norwalk, Connecticut. The plaintiff has been a Connecticut resident for over a year before commencing this action for dissolution of marriage filed on August 31, 1999 thereby providing the court with jurisdiction. No child was born to the plaintiff since the marriage.
When married the plaintiff, a college graduate, was employed in an office position as a human resources manager earning $44,000 annually. The plaintiff remained so employed until November, 1999 and in early December, 1999 was admitted to Silver Hill in New Canaan for a month. When she quit she was earning over $50,000 annually and had been traveling extensively for her company including trips to St. Louis and Chicago. The plaintiff had worked continuously after graduating from college in 1978.
Both parties had consumed alcoholic beverages as social drinkers throughout the marriage. They were active socially at the defendant's country club, participating in pool parties, golf events and dinner dances. The plaintiff started drinking more heavily during the eighteen months prior to their separation that occurred on May 31, 1999. She testified it affected her job performance and that she had also experienced a blackout. The court concludes that the plaintiffs excessive drinking contributed to the breakdown of the marriage. The defendant was not supportive of the plaintiffs initial effort in early 1999 to address the problem. His attitude also contributed to the marriage breakdown.
Since January of this year the plaintiff has been in therapy with Dr. Sara Moss Herz, Ph.D. She is of the opinion that the plaintiff has a CT Page 15941-jc major depressive disorder and needs to continue weekly treatment for at least two more years (plaintiffs Exhibit #3) and cannot hold down ajob at present. She did work as office manager for a company from October, 2000 until January 9, 2001 at an annual salary of $40,000. She could not handle the stress. She is not on any medication at present.
The defendant, a college graduate, has been employed by a division of Stanley Works known as MacTools for 18 years, the last 13 as district manager of salesmen. He was previously married from 1986 to 1988. He owned his home known as 4 Autumn Street, Norwalk, Connecticut when he married the plaintiff. He currently states its fair market value on his financial affidavit as $165,000 subject to a mortgage balance of $159,000. Although he lists gross weekly wages as $1378.21 his W-2 for 2000 lists gross wages as $91,160.74, (plaintiffs Exhibit #8). He lists a net weekly wage of $747.29 after taxes, group life, 401k, medical, and stock purchase. However, he lists weekly expenses that total $1325.66 as well as a weekly liability expense of $150. No other sources of income are listed. The defendant testified he used his last paycheck to prepare his financial affidavit although the form states that an average of "not less than 13 weeks" be used. The court infers and finds that the defendant's actual weekly gross is at least $1750 and that his net after taxes, but before the 401k and stock purchase deductions is in the $1350 range. There is no other rational basis to justify his weekly expense budget. The defendant is also furnished a company car. Watson v. Watson,20 Conn. App. 551, 558 requires each party to list actual expenses being incurred.
The plaintiff lists a money market account $23,000, a 401k $2177, a defined benefit pension with a current value of $30,755, miscellaneous tangibles of $10,600 and a checking account $988. The defendant lists in addition to the house a time share $4000, 670 shares of Stanley Works at $35 per share $23,450, a Keogh $16,000, a 401k $65,371 and a "Retirement/Pension" $19,959 as of June 1999. A pension account statement gives lump sum value as $34,649 as of May 1, 2001, (plaintiffs Exhibit #11).
The plaintiff has a congenital problem with her feet that was diagnosed when she was 27. It existed and the defendant knew of it when plaintiff married. She has lived with it for many years. Her employment history does indicate to the court that her ability and employment skills have not been impaired by her physical condition since she sat at her desk a great deal.
Both parties contributed to the life style they enjoyed during the CT Page 15941-jd marriage. The court concludes the marriage was viable until the problems discussed supra began to occur. The court further concludes both parties contributed to the breakdown that became irretrievable in the spring of 1999.
Having reviewed the evidence in light of the relevant statutes and case law the court enters the following decree:
 1. Judgment is entered dissolving the marriage on the grounds of irretrievable breakdown. The plaintiffs birth name is restored.
 2. The defendant shall pay to the plaintiff the sum of $400 weekly periodic alimony taxable to the payee for the period of three years unless sooner terminated by her remarriage, the death of either party or her living together as defined by Conn. Statutes § 46b-86 and relevant case law. The term is non-modifiable under any circumstances but the amount is modifiable. A wage withholding order is entered. If the plaintiff does not consent to a contingent order the defendant may petition the court for a determination.
 3. The plaintiff shall retain her jewelry, her antique mirror, her crystal, her china, her checking account, her accident settlement proceeds, her 401k account, her mountain bike and her pension free of any claim by the defendant.
 4. The plaintiff shall be solely responsible for her American Express account, the loan from her father and her attorney's fees.
 5. The plaintiff is awarded 300 shares of defendant's Stanley Works stock and 30% of his 401k account.
 6. The defendant shall retain, free of any claim by the plaintiff, his time share, his bank accounts, the remaining Stanley Works stock, his Keogh account, the balance of his 401k account, his pension, his auto, his real estate, and he shall retain and be sole owner of the membership in Shorehaven Country Club.
CT Page 15941-je
 7. The remaining contents of the marital home shall be divided by the parties and if unable to complete same either party may move the court for a hearing and articulation.
 8. The defendant is ordered to pay the plaintiff the sum of $5000 as an allowance to prosecute to defray her legal expenses. Payment shall be made on or before February 1, 2002.
 9. The defendant shall cooperate with plaintiff if she elects to exercise her COBRA rights in securing her own health insurance.
HARRINGAN, Judge Trial Referee.